IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

| | | |
|---|---|---|
| DEBBIE A. FLEMING, and DAVID | ) | |
| D. FLEMING, husband, | ) | |
| | ) | CASE NO: |
| Plaintiffs, | ) | |
| | ) | JURY DEMANDED |
| v. | ) | |
| | ) | |
| THE TJX COMPANIES, INC. d/b/a | ) | |
| T.J. MAXX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

The TJX Companies, Inc. d/b/a T.J. Maxx, Inc. (hereinafter "TJX"), by and through counsel pursuant to 28 USC section §§1332, 1441(b), 1446, hereby files this Notice of the Removal of this action from the Circuit Court of Washington County, State of Tennessee, to the United States District Court for the Eastern District of Tennessee, Greeneville Division.

As grounds for this removal, TJX states as follows:

1.      On April 27, 2022, a Complaint was filed against the Defendant in the Circuit Court of Washington County, State of Tennessee, by Plaintiffs Debbie Fleming and David Fleming (hereinafter "Plaintiffs"), styled *Debbie Fleming, and husband David Fleming, v The TJX Companies, Inc. d/b/a T.J. Maxx, Inc.* and *Case No: 41540*. The Defendant received a copy of the Plaintiffs' Complaint when a copy was served on July 7, 2022, via certified mail through the CT corporation. Therefore thirty (30) days have not expired since service of process and this Notice of Removal is timely filed as set forth in 28 U.S.C. §1446(b).

2.      Pursuant to 28 U.S.C. §1446(a), copies of all pleadings to date are attached as **Exhibit A**.

3.      According to the Complaint, on or about May 29, 2021, 2021 Plaintiff Debbie Fleming was a business invitee on Defendant's store premises at a TJ Maxx store located in Johnson City, Tennessee. (Plaintiffs' Complaint, ¶ 6). Plaintiff alleges that she felt a wind at her back and then was struck in the head and neck area. She was told a sign fell and struck her, which caused her to fall forward. (Plaintiffs' Complaint, ¶ 8). Plaintiffs alleges that "the negligent actions and conduct of the Defendant were the cause in fact and proximate cause of the damages and injuries to the Plaintiffs. Defendant knew or should have known the sign was a fall risk. Defendant is liable under Res Ipsa Loquitur for the sign that struck Mrs. Fleming. Defendant was negligent in failing to maintain its premises in a reasonably safe condition for Plaintiff and other invitees to use it for the purpose for which it was intended…" (Plaintiff's Complaint, ¶ 29). Plaintiffs allege that they have incurred damages including:

a. Medical expenses;

b. Lost wages and lost earning capacity;

c. Physical pain and suffering in the past, mental pain and suffering in the past, physical pain and suffering in the future, mental pain and suffering in the future;

d. Permanent impairment;

e. Loss of capacity for the enjoyment of life;

f. Plaintiff David Fleming suffered substantial and material loss of consortium.

(Plaintiffs' Complaint, ¶¶33-35).

4.      Plaintiffs are citizens and residents of Blountville, Sullivan County in the State of Tennessee. (Plaintiffs' Complaint, ¶ 1).

2

5. The Defendant, The TJX Companies, Inc. is a Massachusetts Corporation with its principal place of business in Framingham, Massachusetts.

6. Thus, at the time Plaintiffs filed their Complaint, Plaintiffs and Defendants were "citizens of different states" for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

7. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

8. Plaintiffs' Complaint seeks an awarded judgment against the Defendant in an amount to be determined by the jury not to exceed **$300,000.00**. (Plaintiffs' Complaint).

9. Here, given the nature and extent of Plaintiffs' alleged injuries, their requests for damages demonstrate that it is facially apparent that the amount in controversy exceeds $75,000.00, excluding interests and costs. Therefore, there is complete diversity between the parties and the amount in controversy is in excess of $75,000, in accordance with 28 U.S.C. §1332. Accordingly, jurisdiction is conferred under 28 U.S.C. §1332.

10. This case is an action over which the court has original jurisdiction under 28 U.S.C. §1333 and is one in which may be removed to this Court by the Defendant, pursuant to the provisions of 28 U.S.C. §1441 and that it is a civil action brought in a State Court of which the District Court of the United States has original jurisdiction.

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 16; see also *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

11.     Defendant, TJX, will provide notice to the Plaintiffs of this removal, through delivery of a copy of this Notice of Removal to their counsel of record, and to the clerk of the Circuit Court for Sullivan County, through filing into the record therein a Notice of Filing a Notice of Removal, pursuant to 28 U.S.C. §1446(b).

12.     Therefore, Defendant, TJX, respectfully requests this Court take jurisdiction of this action, and that this case be removed from the Circuit Court of Sullivan County, State of Tennessee to this Court.

Respectfully submitted,

**LUTHER - ANDERSON, PLLP**


BY:     */s/ Alaric A. Henry*
            ALARIC A. HENRY, BPR# 14885
*Attorneys for Defendant*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
aah@lutheranderson.com

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2022 a copy of the foregoing Notice was filed electronically.  Notice of this filing will be sent to:

Charles J. London
London Law
132 Boone Street, Suite 5
Jonesborough, TN 37659
charles@londonlawtn.com

by electric means of the U.S. District Court Eastern District of Tennessee's electronic filing system to all parties.

LUTHER - ANDERSON, PLLP

BY:     */s/ Alaric A. Henry*

4