UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DEBBIE A. FLEMING and <br> DAVID D. FLEMING, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE TJX COMPANIES, INC. d/b/a <br> T.J. MAXX, INC., <br><br> *Defendant.* | No. 2:22-CV-89 <br><br> Judge Collier <br><br> Magistrate Judge Wyrick |

# **M E M O R A N D U M**

This matter is before the Court on Plaintiffs' motion to dismiss this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 29.) Defendant has not responded, and the time to do so has expired.[1] *See* E.D. Tenn. L.R. 7.1(1)(2). The Court deems Defendant's failure to respond to the motion as a waiver of any opposition by Defendant to the relief Plaintiff seeks. *See id.* 7.2.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The grant or denial of a dismissal under Rule 41(a)(2) "is within the sound discretion of the district court," which should consider whether the defendant would suffer "plain legal prejudice." *Grover by Grover v. Eli Lilly*

---

[1] Plaintiffs previously filed a purported "Notice of Voluntary Dismissal" under Rule 41 on July 6, 2023. (Doc. 25.) Defendant objected the next day, arguing the Notice was improper and that "Plaintiffs must file a properly supported Motion to Voluntarily Dismiss this matter, and the Defendant must be given an opportunity to respond." (Doc. 26 at 2.) On July 10, 2023, the Court held that Plaintiffs' Notice was ineffective under Rule 41 and instructed Plaintiffs to file "either a stipulation of dismissal under Rule 41(a)(1)(A)(ii) or a motion under Rule 41(a)(2)." (Doc. 27 at 1–2.) Plaintiffs filed their motion under Rule 41(a)(2) on July 12, 2023 (Doc. 29), and Defendant has not responded.

*& Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Banque de Depots v. Nat'l Bank of Detroit.*, 491 4.2d 753, 757 (6th Cir. 1974)).

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). A district court granting a voluntary dismissal without prejudice may impose whatever terms or conditions it considers "necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) (citations omitted).

Plaintiffs' motion addresses the appropriate standard and analyzes each of the four *Grover* factors as they apply in this case. (Doc. 29 at 1–3.) In light of Defendant's failure to respond, including especially Defendant's failure to identify any plain legal prejudice it would suffer from the dismissal of this action without prejudice, the Court will **GRANT** Plaintiffs' motion (Doc. 29) and **DISMISS** this action **WITHOUT PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**